# IN THE COURT OF APPEALS OF IOWA

No. 16-0349
Filed December 21, 2016

**DUANE YATES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott,

Judge.

    Duane Yates appeals the district court's order granting summary judgment

on his postconviction relief application. **AFFIRMED.**

    Priscilla E. Forsyth, Sioux City, for appellant.

    Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee State.

    Considered by Vaitheswaran, P.J., Bower, J., and Blane, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VAITHESWARAN, Presiding Judge.**

In 2002, Duane Yates was found guilty of second-degree sexual abuse. On appeal, this court affirmed his judgment and sentence, and preserved certain ineffective assistance of counsel claims for possible postconviction relief proceedings. *See State v. Yates*, No. 02-1681, 2003 WL 22697964, at *4 (Iowa Ct. App. Nov. 17, 2003) (affirming judgment and sentence on direct appeal). Procedendo issued on February 13, 2004.

Extensive litigation ensued. *See State v. Yates*, No. 14-1774, 2015 WL 4936273 (Iowa Ct. App. Aug. 19, 2015); *State v. Yates*, No. 12-2273, 2014 WL 2600212 (Iowa Ct. App. June 11, 2014); *Yates v. State*, No. 08-1879, 2009 WL 3064427 (Iowa Ct. App. Sept. 17, 2009); *State v. Yates*, No. 03-1268, 2005 WL 425458 (Iowa Ct. App. Feb. 24, 2005).

In 2014, Yates filed the postconviction relief application that is the subject of this appeal. The State moved for summary disposition of the application. The district court granted the motion, concluding the application was time barred and barred by the doctrine of claim preclusion. On appeal, Yates' attorney argues "the district court erred in granting summary judgment and finding that [his] claims were barred by the statute of limitations and by claim preclusion because of the ineffective assistance of [his] first post-conviction relief appointed counsel." Yates also raises several additional arguments in a pro se brief.

We begin with the time deadline. Iowa Code section 822.3 (2013) states postconviction relief applications shall be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." "[T]his limitation does not apply to a ground of fact

or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

Yates' 2014 postconviction relief application was concededly filed outside the three-year limitations period, which expired in February, 2007. Yates attempts to circumvent the time bar by asserting that his first postconviction attorney was ineffective in failing to pursue his first postconviction relief application and, given his ineffectiveness, the current postconviction relief action "should be allowed to go forward."

Yates made the same argument in his second application for postconviction relief. The district court agreed with him, found first postconviction relief counsel ineffective in failing to pursue the first postconviction relief application, considered Yates' individual claims on the merits despite finding most of them barred by the three-year limitations period, and denied most of the claims. Yates did not appeal. Having obtained the relief he requested, Yates cannot raise the identical claim as a means of circumventing the three-year time-bar on his 2014 postconviction relief application.

Yates nonetheless asks us to revisit first postconviction relief counsel's conduct based on a subsequent disciplinary decision against the attorney and statements he made in his deposition. The district court considered this request and rejected it, as do we. The additional information Yates now seeks to introduce could afford him no greater relief than the relief he already received on his claim against first postconviction relief counsel. The additional information is not grounds for circumventing the time bar with respect to Yates' 2014 postconviction relief application.

We also are unpersuaded that a resentencing decision in Yates' case restarted the clock. Section 822.3 begins the clock at the time of conviction, not sentence. Procedendo on Yates' direct appeal from his conviction was filed in 2004.

Finally, we agree with the district court that many of the individual claims raised in this untimely postconviction relief application were raised and decided in prior actions. Yates cannot use this postconviction application as a means of relitigating those claims.

We affirm the district court's summary disposition of Yates' 2014 application for postconviction relief.

**AFFIRMED.**